UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VITTORIO AMUSO<br># 38740-079<br>USP- BIG SANDY<br>P.O. BOX 2068<br>Inez, KY 41224<br><br>         Plaintiff,<br><br>     v.<br><br><br>U.S. DEPARTMENT OF JUSTICE,<br>FEDERAL BUREAU OF INVESTIGATION,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No: 07-1935 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' THIRD MOTION TO MODIFY BRIEFING SCHEDULE
FOR DISPOSITIVE MOTIONS**

Pursuant to LCvR 7, defendants move to modify the briefing schedule for dispositive motions as follows:

Plaintiff filed this civil action pursuant to the Freedom of Information/Privacy Act ("FOI/PA"), 552, U.S.C. § 552a *et seq.* Plaintiff was convicted of racketeering in the U.S. District Court, Eastern District of New York. Complaint, para. 1. He is serving a life sentence and is currently incarcerated at U.S. Penitentiary, Big Sandy, Inez, Kentucky. *Id.*

Plaintiff made a FOI/PA request to seeking documents related to himself. The

Department of Justice acknowledged his request. Plaintiff claims that the FBI informed him that the documents that he seeks were destroyed in accordance with 44 U.S.C. sec. 3301 and 36 C. F. R. sec. 12. *Id*., paras. 2-3. Plaintiff filed an administrative appeal of the denial of his FOI/PA request. Id., para. 4. The agency's Director of the Office of Information and Privacy affirmed the denial of Plaintiff's FOI/PA request. Id. at 6. Plaintiff filed the instant civil action denying that the records that he seeks have been destroyed and alleging that DOJ improperly denied his FOI/PA request.

    Defendant answered the complaint and a briefing schedule was entered for dispositive motions, which is the usual practice in FOIA cases. The briefing schedule has been modified twice previously at defendants' request to give FBI staff an opportunity to determine whether it could release additional documents to the plaintiff, as well as to complete a dispositive motion. Currently defendants' dispositive motion is due on August 13, 2008, the Court having granted defendants' second motion for modification on August 8, 2008.

    Prior to filing its second request for modification of the briefing schedule, the FBI had anticipated completing the *Vaughn* declaration by August 6, 2008. Regrettably, the staff at the Records Management Division of the FBI was unable to finalize the *Vaughn* index by August 6, 2008 as anticipated so that completion of the dispositive motion has been unavoidably delayed. The *Vaughn* declaration forms the basis of defendants' dispositive motion. The motion cannot be completed until the *Vaughn* index is complete.

    Accordingly, Defendants move to modify the briefing schedule by extending the deadlines by two more weeks to allow additional time for completion of a motion for summary judgment. The FBI estimates that it will need this amount of time in which to complete the

*Vaughn* declaration and to complete the motion for summary judgment. As plaintiff is a pro se prisoner incarcerated at the U.S. Penitentiary in Big Sandy, Inez, Kentucky, undersigned counsel has not sought his consent to this motion.[1]

Defendants move for a modification of the briefing schedule as follows:

| | |
|---|---|
| Defendants' Dispositive Motion | August 27, 2008 |
| Plaintiff's Opposition/Cross Motion | September 29, 2008 |
| Defendants' Reply/Response to Cross Motion | October 28, 2008 |
| Plaintiff's Reply to Cross Motion, if any | November 28, 2008 |

A proposed Order consistent with this Motion is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner pro se* party)" to meet and confer prior to a scheduling conference).

        /s/
CHARLOTTE A. ABEL, D.C. Bar #388582
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **11th** day of **August**, 2008, a true and correct copy of the Defendants' Motion to Amend Briefing Schedule was served by first class United States mail, postage prepaid marked for delivery to:

VITTORIO AMUSO
# 38740-079
USP- BIG SANDY
P.O. BOX 2068
Inez, KY 41224

        /s/
CHARLOTTE A. ABEL, DC Bar #388582
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VITTORIO AMUSO<br># 38740-079<br>USP- BIG SANDY<br>P.O. BOX 2068<br>Inez, KY 41224<br><br>           Plaintiff,<br><br>    v.<br><br><br>U.S. DEPARTMENT OF JUSTICE,<br>FEDERAL BUREAU OF INVESTIGATION,<br><br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 07-1935 (RJL) |

**ORDER**

Upon consideration of Defendants' Motion to Amend Briefing Schedule, and any opposition thereto, for good cause shown, it is on this _____ day of _____, 2008,

ORDERED: that Defendants' Motion to Amend Briefing Schedule is GRANTED.  It is

FURTHER ORDERED: that the parties shall adhere to the following briefing schedule:

| | |
|---|---|
| Defendants' Dispositive Motion | August 27, 2008 |
| Plaintiff's Opposition/Cross Motion | September 29, 2008 |
| Defendants' Reply/Response to Cross Motion | October 28, 2008 |
| Plaintiff's Reply to Cross Motion, if any | November 28, 2008 |

_____
Richard J. Leon
UNITED STATES DISTRICT JUDGE