# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**VITTORIO AMUSO**
**Federal Registration No. 38740-079**
**U. S. Penitentiary-Big Sandy**
**P. O. Box 2068**
**Inez, KY  41224,**
<b>Plaintiff</b>

<b>-vs-</b>

<b>Civil Action No. 07-1935 (RJL)</b>

**DEPARTMENT OF JUSTICE, et al.**
<b>Defendants</b>

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, **VITTORIO AMUSO, pro se,** respectfully represents unto this Honorable Court as follows in support of his **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** herein:

The plaintiff respectfully requests that this Honorable Court deny the defendants' motion for summary judgment on the bases set forth herein  on the ground that there are genuine issues of material fact herein and the defendants are not entitled to judgment as a matter of law.  Fed.R.Civ.P. 56.  In support of this responsive pleading, the plaintiff respectfully submits the attached statement of material facts in genuine dispute and opposing affidavit of the plaintiff.

**RECEIVED**

SEP **2 9** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## INTRODUCTION

This case arose under the Freedom of Information Act (FOIA), 5 U.S.C. §552, and the Privacy Act (PA), 5 U.S.C. §552a, and embraces the processing of the plaintiff's FOIA requests by the United States Department of Justice (DOJ) and Federal Bureau of Investigation (FBI).  The Federal Bureau of Prisons (BOP) has also been involved in fulfilling the plaintiff's request as a result of referrals from the FBI.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is required in cases where no genuine dispute exists as to any material fact.  Anderson v. Liberty Lobby, Inc., 477 U. S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  The burden is on the moving party to demonstrate to the Court that there is an absence of evidence to support the non-moving party's case.  Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560 (Fed Cir. 1987).  Once the moving party has met this burden, the non-moving party must proffer specific facts showing that a genuine issue exists for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U. S. 574 (1986).  In other words, in order to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief.  In responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute.  Celotex Corp. v. Catrett, 477 U. S. 317

(1986).

In the current case, the FBI and the BOP have submitted documents which purport to be declarations in support of this motion for summary judgment. The declarations purport to provide the Court and the plaintiff with an explanation for the procedures used in reviewing and processing the FBIHQ records responsive to the plaintiff's FOIA/Privacy Act request, and purport to justify for the FBI information which has been withheld from disclosure in full or in part pursuant to Privacy Act Exemption (j)(2), 5 U.S.C. §552(a) (j)(2) and FOIA Exemptions 2, 6, 7(C), 7(D), 7(E) and 7(F), 5 U.S.C. §§552(b)(2), (b)(6), (b)(7)(c), (b)(7))(D), (b)(7)(E) and (b)(7)(F). The withholding of the three pages of information by the BOP was purportedly made pursuant to 5 U.S.C. §552(b)(7)(C) and (b)(7)(F).

## ARGUMENT

### A. The FBI's Search for Records is Inadequate

The FBI has performed an inadequate search in response to the plaintiff's direct FOIA requests. In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for response records. Oglesby v. U. S. Department of the Army, 920 F.2d 57 (D.C. Cir. 1990). This standard focuses on the method of the search instead of its results, so that a search is not unreasonable simply because it fails to produce relevant material. The adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Department of State, 897 F.2d 540 (D.C. Cir.

1995).

The agency has a burden of establishing that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." SafeCard Servs. v. SEC, 926 F.2d 1197 (D.C. Cir. 1991). Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" the burden rests with the agency to demonstrate the adequacy of its search. 926 F.2d at 1200.

The agency posits that a search of the indices at the Albany Field Office revealed that records which may have been responsive to the plaintiff's FOIPA request were destroyed    (date unknown). By letter dated May 7, 2007, from FBIHQ to the plaintiff, acknowledgment was made of the plaintiff's Albany FOIPA request and was assigned FOIPA Number 1076768-000. By letter dated May 21, 2007 from FBIHQ to the plaintiff, the plaintiff was advised that records which may be responsive to his Albany FOIPA request were destroyed. The search of the indices to the CRS for FBIHQ main files located no record. (Memorandum in Support, p. 2).

The plaintiff was never advised as to the nature of the records which were destroyed, and he was simply advised that they were, in fact, destroyed. The only other effort undertaken by the FBI to locate the records was through a search of the indices to the CRS for FBIHQ main files. The agency acted in bad faith by failing to divulge the nature of the records and by failing to search  other available indices and records which

might have contained the destroyed records. The plaintiff cannot suggest other ways in which the matter might have been searched in the absence of being advised as to the nature of the records.

The Memorandum in Support evinces that the "FBI released some records to the plaintiff, withheld other records pursuant to FOIA exemptions, and referred some records to the Bureau of Prisons for direct response to the plaintiff." The agency acted in clear-cut bad faith by tendering documents to the plaintiff with no information on them, such as FBI 302's. The BOP made a unilateral decision to withhold the three pages of information which it had relevant to the plaintiff's inquiry.

## B. The FBI Improperly Withheld Records Pursuant to FOIA Exemptions

### 1. FBI Improperly Applied Exemption 2

Title 5 U.S.C. §552(b)(2)(Exemption 2) exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." Exemption 2 applies primarily to two types of materials: (1) internal agency matters so routine or trivial that they could not be "subject to...a genuine and significant public interest;" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. Department of Air Force v. Rose, 425 U. S. 352 (1976). Depending upon the nature of the information, documents will fall within either the "high (b)(2) category" or the "low (b)(2) category."

The Memorandum In Support fails to advise the court and the plaintiff as to what records were withheld under this exemption. When denying the plaintiff's request for information, the agency kept the plaintiff in the blind about the nature of the information. The plaintiff was told simply that the agency had information which was denied under Exemption 2. The plaintiff was not given enough information to make a determination as to whether or not his rights were denied.

The records which were given to the plaintiff were a joke. FBI 302's with all information redacted does nothing to help the plaintiff and simply led to an expense of copying for the government.

This section of the Memorandum In Support does not give the court sufficient information to determine whether or not a violation exists. The plaintiff has not been given enough information to enable him to ascertain whether or not his rights have been violated. This section of the brief is obviously drafted to fit a variety of situations and use in different proceedings, and it does an inadequate job in advising the court and the plaintiff.

## 2. **FBI Improperly Asserted Exemption 6**

Exemption 6 of the FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6). "The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual." Lepelletier v.

6

FDIC, 164 F.3d 37 (D.C. Cir. 1999).  In order to determine whether there would be a "clearly unwarranted invasion of personal privacy," the court must balance the interests of protecting "an individual's private affairs from unnecessary public scrutiny," and the "public's right to governmental information."  Id.

The Memorandum In Support does not enunciate the aspects of the plaintiff's request which was denied on the basis of Exemption 6.  The plaintiff has not been given enough information to make a determination as to whether he has been subjected to a clearly unwarranted invasion of personal privacy, and whether the proper balance has been achieved with respect to the interests of protecting an individual's private affairs from unnecessary public scrutiny as opposed to the public's right to governmental information.  Until such time as the plaintiff is advised as to the nature of the information at issue, including the capacity in which any name or identifying information is withheld, he cannot determine whether his rights have been violated.

While it is true that FBI SAs referenced in the responsive records, such as the FBI 302'S, maintain a substantial privacy interest in not having their identities disclosed, the identities have heretofore been disclosed to the plaintiff at the time of the investigation.  Thus, the agency has no protected interest in denying the documents on the basis of the SA's identity.  The plaintiff is in a high security prison and could not possibly target SAs for harassing inquiries for unauthorized access to investigative materials.

### (b)(6)-2     Names and/or Identifying Information of Third Parties Who Provided Information to FBI

The defendants assert Exemption (b)(6)-2 to purportedly protect the names and/or identifying data of individuals who assisted the FBI by providing information within the records responsive to the plaintiff's request. The defendants assert that the largest roadblock in successfully obtaining the desired information through an interview is the fear by the interviewee that his or her identity could possibly be exposed and, consequently, they could be harassed, intimidated or threatened with legal or economic reprisal, or possible physical harm. This rationale is opaque in view of the fact that the names of third parties have already been released in different parts of the proceedings, and the defendant merely seeks documentation of the information provided.

The Memorandum in Support states, "The FBI has attempted to release all segregable portions of the information provided by these individuals without revealing their identities." (p. 18). The FBI provided the plaintiff with a stack of FBI 302's with all of the information deleted or redacted without releasing the name of the party providing the information or the information itself. The agency acted in bad faith because the documents are completely worthless, e.g. there is no information set forth on them.

### (b)(6)-3     Names and/or Identifying Information of Third Parties Merely Mentioned

The defendants asserted Exemption (b)(6)-3 in conjunction with Exemption (b)

(7)(C)-3 as justification for withholding the names and personal identifying information of third parties who were merely mentioned in the documents responsive to the plaintiff's request. The agency maintains that the third parties merely mentioned maintain strong privacy interests in not having their identities disclosed, and that disclosure of these third parties' names and identifying information in connection with the investigation of plaintiff carries a strong negative connotation. The FBI has determined that these third parties maintain a substantial privacy interest in not having their identity disclosed. The agency reports that after identifying the substantial privacy interests these individuals maintain, the FBI balanced their right to privacy against the public interest in the disclosure.

The defendants have not given the plaintiff sufficient information from which to make a determination that the balance between the right to privacy against the public interest in the disclosure is in favor of the right to privacy. The plaintiff has not been advised of the context in which the person's name is mentioned and other information with which to make that judgment. Again, the plaintiff has been left in the dark with respect to the information that is being withheld.

### <u>(b)(6)-4</u>     <u>Names and/or Identifying Information Concerning<br>Local Law Enforcement Personnel</u>

The defendants asserted Exemption (b)(6)-4 to justify the withholding of the name and rank of a law enforcement officer of the Morris County, NJ Prosecutor's

Office and a law enforcement officer of the New York City Police Department. These individuals were supposedly acting in their official capacity and assisted in the interview of a confidential source. The defendants assert that there is no public interest to be served by releasing this information as this information does not shed light on the FBI's performance of its mission.

This information certainly does shed light on the FBI's performance of its mission because it describes the extent to which the FBI interacts with state and local law enforcement agencies. The fact that the FBI is willing to disclose the location and office of the officers concerned is indicative of how little privacy is attached to the information. The agency is simply making it difficult for the plaintiff to obtain any information at all.

### <u>(b)(6)-5</u>     <u>Names and/or Identifying Information of Third<br>Parties of Investigative Interest</u>

Exemption (b)(6)-5 is asserted in conjunction with Exemption (b)(7)(C)-5 to protect the names and identifying information of third party individuals who are of investigative interest to the FBI and/or other law enforcement agencies. The agency asserts, inter alia, that this information includes individual names and other personal information.

The defendants advise the court that being linked with any law enforcement investigation carries a strong negative connotation and a stigma. The relevant

information in this proceeding concerns people whose identities were disclosed to the

public many years ago, and the public policy interest in withholding their identities has

eroded over time. The defendants profess to balancing the public's interest in

disclosure against the individual's right to privacy, but it would have a difficult time

convincing a reasonable person that a person mentioned in a report 18 years ago has a

sufficient privacy interest to override the public's interest in disclosure at this time.

The defendants state that they made a determination that this information would

not enlighten the public on how the FBI conducts its internal operations and

investigations. However, this information would disclose how the agency assembles

information to create a case against one individual. Thus, refusal to release this

information is a clearly unwarranted violation of the public's interest in disclosure.

### 3.   FBI Does Not Meet the Threshold Requirements of Exemption 7

As a condition precedent to invoking any of the harms enumerated in Exemption

7, an agency must first demonstrate that the records or information at issue were

compiled for law enforcement purposes. Law enforcement agencies such as the FBI

must demonstrate that the records at issue are related to the enforcement of federal laws

and that the enforcement activity is within the law enforcement duty of that agency.

The agency asserts that the various records at issue in this case were compiled for

criminal law enforcement purposes during the course of the FBI's performance of its

law enforcement mission, including the investigation of criminal activities.  Yet, the agency withholds the name and rank of a law enforcement officer of the Morris County, NJ Prosecutor's Office and a law enforcement officer of the New York City Police Department.

Rather than demonstrating that the records at issue are related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duty of the agency, the agency redacted all of the information upon the documents extended to such an extent that one cannot deduce whether the documents were compiled by a government agency.  The court is left to simply take the defendants' word that the documents related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duty of the agency.

In this case, the agency has not demonstrated that the disclosure of the documents would invade personal privacy, reveal the identities of confidential sources, reveal sensitive law enforcement techniques, and/or reveal information which if released could reasonably cause harm and/or endanger the life or physical safety of any individual. The agency simply makes a bald assertion that in this investigation, the harm that could reasonably be expected to result from disclosure is invasion of personal privacy, revealing the identities of confidential sources, revealing a sensitive law enforcement technique, and endangering the life or physical safety of individuals.

### 4. **FBI Improperly Applied Exemption 7(C)**

The FOIA, 5 U.S.C. §552, does not apply to matters that are:  "(7) records of information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy..."  This exemption protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations. Reporters Comm. for Freedom of the Press v. U. S. Department of Justice, 816 F.2d 730 (D.C. Cir. 1987).

The defendants state:  "Indeed, an agency in a FOIA case may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity."  Under this unduly broad construction of Exemption 7(C), the agency could assert that anyone is associated with criminal activity and thereby avoid disclosure of materials concerning them.  The legislature did not intend this exemption to be so all-encompassing.

The FBI has not performed the proper balancing function required for this exemption.  The FBI is required to balance the privacy interests of the individuals mentioned in the records against any public interest in disclosure.  If the proper balancing function were performed, it would be clear that the public interest in disclosure, in this case, overrides the privacy interests of the individuals mentioned in

records.  Again, the agency makes the blanket assertion that the balancing function was performed, but the Court is left to take the agency's word rather than being given the benefit of a balancing analysis.

### (b)(7)(C)-1 Names and/or Identifying Information of FBI Special Agents and Support Employees

The defendants asserted Exemption (b)(7)(C)-1 in conjunction with Exemption (b)(6)-1 in an effort to protect the names and/or identifying information of FBI SA's and support personnel responsible for conducting, assisting with and/or supervising the investigative activities reported in the documents concerning the plaintiff and others.  These responsibilities include interviewing cooperating witnesses, sources and reviewing materials compiled as a result of the investigation of the plaintiff and others.

The defendants assert that "Many of these people carry grudges which last for years and they may seek any excuse to harass the SA deemed responsible for these intrusions.  The publicity associated with the release of the SA's identity in connection with a particular law enforcement investigation could trigger hostility toward the SA."  These allegations are ridiculous vis-a-vis the current FOIA request because the plaintiff is incarcerated in a maximum security prison some 18 years after the fact.  He merely wishes to learn about his case for legal reasons and has no grudge which he harbors against any FBI or other government

employee.  The FBI SAs referenced in the responsive records do not maintain the substantial privacy interest in not having their identities disclosed that they would for a recent investigation.  In fact, the SAs concerned have probably retired long ago.

The defendants assert that the FBI examined the records at issue to determine whether there was any public interest that outweighed the substantial privacy interests of the FBI SAs and support employees, and that the "FBI could not identify any discernible public interest."  (motion, p. 25).  There is no effort to demonstrate the balancing.  Rather, the defendants make the conclusory allegation that the balancing was performed.

The defendants assert that there have been no allegations that the FBI SAs or the professional support employees engaged in any type of significant misconduct which would establish a public interest in the disclosure.  If the FBI will not release the names and identities of the actors involved, there is no way for the plaintiff to ascertain whether they engaged in any type of significant misconduct which would establish a public interest in the disclosure.

### (b)(7)(C)-2  Names and/or Identifying Information of Third Parties Who Provided Information to FBI

The defendants asserted Exemption (b)(7)(C)-2 in conjunction with (b)(6)-2 to protect the names and/or identifying data of individuals who assisted the FBI

by providing information within the records responsive to the plaintiff's request. As a matter of fact, the FBI did not release the names or identities of any third parties who assisted the FBI by providing information. Yet, the FBI asserts that "The FBI has attempted to release all segregable portions of the information provided by these individuals without revealing their identities." What the release referred to amounts to is a stack of FBI 302's which have no information on them, which are useless to the plaintiff.

The defendants asserted that "Balancing this privacy interest against the public interest, the FBI found no legitimate public interest to be served by releasing the identities of private citizens who provided information to the FBI because it would not shed light on the operations and activities of the FBI." To the contrary, the release of information as to the third parties involved would shed light on the manner in which the FBI deals with third parties, which is integral to the operations and activities of the FBI.

### ((b)(7)(C)-3 Names and/or Identifying Information of Third Parties Merely Mentioned

The defendants asserted Exemption (b)(7)(c)-3 in conjunction with Exemption (b)(6)-3 to withhold the names and personal identifying informatiion of third parties who were merely mentioned in the documents responsive to the plaintiff's request. These individuals are not of investigative interest to the FBI,

imagined and not real.  The plaintiff is simply trying to collect information of a

legal nature, and he has no intent to harass anybody involved in his investigation.

There is a great public interest to be served by releasing this information because

this information sheds light on the FBI's cooperation with other police entities.

The FBI has improperly asserted Exemption (b)(7)(C)-4.

### (b)(7)(C)-5 Names and/or Identifying Information About Third Parties of Investigative Interest

Exemption (b)(7)(C)-5 has been asserted by the defendants in conjunction

with Exemption (b)(6)-5 to protect the names and identifying information of third

party individuals who were of investigative interest to the FBI and other law

enforcement agencies.  The FBI withheld identifying information including

addresses and other personal information.  The agency made a determination that

these individuals maintain a substantial privacy interest in not having their

identities disclosed.

The defendants asserted that in making a determination whether to release

the names and personal information concerning these third parties, "the public's

interest in disclosure was balanced against the individual's right to privacy."

However, there is no evidence of balancing having taken place, and the agency

has not given the plaintiff sufficient information from which to determine

whether the agency is erroneous in its determination.

## 5.  FBI Improperly Applied Exemption 7(D)

Exemption 7(D), namely, 5 U.S.C. §552(b)(7)(D), exempts from disclosure

material that:

> could reasonably be expected to disclose the identity of a
> confidential source including a State, local or foreign agency or
> authority or any private institution which furnished information on
> a confidential basis, and, in the case of a record or information
> compiled by a criminal law enforcement authority in the course of
> a criminal investigation, or by an agency conducting a lawful
> national security intelligence investigation, information furnished
> by a confidential source.

The defendants posit that Exemption 7(D) recognizes that information

furnished by third parties cooperating with federal, state, or local law

enforcement investigations is, by its very nature, confidential.  The statute

extends protection from disclosure to all the information furnished by third party-

sources, as well as the actual identity of the cooperating individual, if there has

been an explicit assurance of confidentiality, or circumstances exist from which

such an assurance could reasonably be inferred.  U. S. Department of Justice v.

Landano, 508 U. S. 165 (1993).

There is no basis for inferring that all information furnished by third parties

cooperating with federal, state, or local law enforcement investigations is, by its

very nature, confidential.  There is a host of information furnished by third

parties which is not confidential but would be helpful to the plaintiff for his

19

purposes. Extending the protection of the statute to all information furnished is both impractical and unreasonable. The FBI, likewise, improperly "recognizes the distinct likelihood that the identity of a source may often be determined from an analysis of the information furnished by the source himself."

### (b)(7)(D)-1  Names and/or Identifying Data and Information Provided by Third Parties under an "Implied" Assurance of Confidentiality

The defendants assert Exemption (b)(7)(D)-1 in conjunction with (b)(6)-2 and (b)(7)(c)-2 to protect the names, identifying information and information provided by third parties to the FBI under an implied grant of confidentiality during the course of the FBI's investigation of the plaintiff and others. The manner in which the "implied grant of confidentiality" is inferred is vague and has no basis in fact. Moreover, the defendants have not given the plaintiff sufficient information from which to make a determination independently that an implied grant of confidentiality is created. The Court and the plaintiff are left to accept the agency's rhetoric that an implied grant of confidentiality does, in fact, exist.

### (b)(7)(D)-2  Source File Numbers

Exemption (b)(7)(D)-2 has been asserted by the defendants in conjunction with Exemption (b)(2)-1 to protect the informant file numbers of permanent confidential symbol number sources of the FBI. The agency has not given the

plaintiff sufficient information from which to determine whether informant file numbers of permanent confidential symbol number sources of the FBI are germane to the investigations about which he is seeking information.  The FBI has merely provided a stack of primarily blank FBI 302's which have numbers but there is no way of ascertaining the significance of the numbers given the information provided.

### (b)(7)(D)-3  Source Symbol Numbers and Information Furnished by Symbol Numbered Sources

The defendants have asserted Exemption (b)(7)(D)-3 in conjunction with Exemption (b)(2)-2 as a basis for withholding FBI source symbol numbers and information provided by the symbol numbered sources.  The plaintiff has not been provided sufficient information from which a determination of relevance can be made with respect to the request for FOIA at issue.

### (b)(7)(D)-4  Identifying Data and Information Provided by Source Symbol Numbered Informants

Exemption (b)(7)(D)-4 was asserted to withhold the identifying data and information received from symbol numbered sources with the understanding that it would be held in confidence.  As a matter of policy and practice, all symbol numbered sources are given an express grant of confidentiality.  The plaintiff has not been provided with sufficient information to make a determination as to whether or not symbol numbered sources are relevant to the purposes for which

he seeks information.

### 6. FBI Improperly Applied Exemption 7(E)

Exemption 7(E) of the FOIA provides protection for all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. §552(b)(7)(E).

The first clause of Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions. Smith v. Bureau of Alcohol, Tobacco, and Firearms, 977 F.Supp. 496 (D.D.C. 1997). The blank 302 forms released to the plaintiff give no evidence that any techniques and procedures used in law enforcement investigations or prosecutions were involved. Rather, the forms appear to be documentations of somewhat ordinary interviews. Thus, there is no basis for withholding anything that would disclose any techniques or procedures employed by the FBI.

### (b)(7)(E)-1   Internal Techniques and Procedures and Information Pertaining to FBI Undercover Operation

The defendants assert Exemption (b)(7)(E)-1 in conjunction with

Exemption (b)(2)-3 to protect procedures and techniques used by FBI Special Agents during the investigation of plaintiff. The defendants state, "If the FBI were to disclose the procedures as to how it conducts undercover operations and release details of the specific techniques used during the undercover operation it could jeopardize any future criminal investigations and undercover operations conducted by the FBI." The agency has not released sufficient information to the plaintiff from which he can make a determination that the exemption has been violated in this instance.

### 7.  FBI Improperly Applied Exemption 7(F)

The defendants cited Exemption 7(F) to protect symbol number informants and the names and identifying information concerning cooperating witnesses who provided information to the FBI concerning the criminal activities of the plaintiff. The exemption was allegedly asserted to protect information, the release of which could reasonably be expected to endanger the life and/or physical safety of these cooperating individuals in light of the crimes reportedly committed by the plaintiff and members of organized crime families.

The defendants assume that the plaintiff is a member of an organized crime family, and there is no basis for making such an assumption. It would not be a great risk to release the identities of cooperating witnesses because the plaintiff is merely seeking information for his own legal purposes.

## D. FBI Has Not Released All Segregable Information

The defendants represent that they have followed a case from the Court of Appeals for the District of Columbia Circuit holding that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022 (D.C.Cir. 1999). The FOIA requires that, if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. §552(b); Mead Data Cent., Inc. v. United States Department of the Air Force, 566 F.2d 242 (D. C. Cir. 1977).

The FBI has not disclosed all "reasonably segregable" information which must be disclosed. The FBI provided 147 pages of documents, mostly FBI 302's, to the plaintiff. These documents included a few newspaper articles and contained no information whatsoever that had not been redacted and withheld from the plaintiff. The substantive  information on the forms as well as  the identities of the parties to the conferences were susceptible to segregation in such a manner that the plaintiff could have been provided with the information without violating the FOIA as well as agency standards. It is a misnomer to state, "The FBI has carefully...released 147 pages with redactions" to the plaintiff when it is

clear that the plaintiff has been given nothing of any substance or benefit.

## CONCLUSION

The defendants have not demonstrated that they responded properly to the plaintiff's FOIA request, releasing to him all records and portions thereof not exempted from disclosure. Accordingly, the plaintiff respectfully requests that their motion for summary judgment be denied.

**VITTORIO AMUSO**
**Pro Se**

## CERTIFICATE OF SERVICE

I, VITTORIO AMUSO, pro se, do hereby certify that true copies of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and accompanying documents were forwarded via first-class U. S. Mail, postage pre-paid, to Charlotte A. Abel, Assistant United States Attorney, United States Attorney's Office, Civil Division, 555 4th Street, N.W., Washington, D. C. 20530, this 29th day of September, 2008.

**VITTORIO AMUSO**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**VITTORIO AMUSO,**
            **Plaintiff**

-vs-                                        Civil Action No. 07-1935 (RJL)

**DEPARTMENT OF JUSTICE, et al.,**
            **Defendants**

### STATEMENT OF MATERIAL
### FACTS IN GENUINE DISPUTE

The plaintiff, **VITTORIO AMUSO, pro se,** pursuant to LCvR 7(h), respectfully submits the current **STATEMENT OF MATERIAL FACTS IN GENUINE DISPUTE.**   The affidavit of **VITTORIO AMUSO** attached hereto and filed herewith supports the plaintiff's **STATEMENT OF MATERIAL FACTS IN GENUINE DISPUTE.**

1. The FBI has performed an inadequate search in response to the plaintiff's direct FOIA requests.  Though the affidavits submitted by an agency are accorded a presumption of good faith, the burden rests with the agency to demonstrate the adequacy of its search.

The agency posits that a search of the indices at the Albany Field Office revealed that records which may have been responsive to the plaintiff's FOIPA

request were destroyed (date unknown).  The plaintiff was never advised as to the nature of the records which were destroyed, and he was simply advised that they were, in fact, destroyed.  The only other effort undertaken by the FBI to locate the records was through a search of the indices to the CRS for FBIHQ main files. The agency acted in bad faith by failing to divulge the nature of the records and by failing to search other available indices and records which might have contained the destroyed records.

2.  The FBI released some records to the plaintiff, withheld other records pursuant to FOIA exemptions, and referred some records to the Bureau of Prisons for direct response to the plaintiff.  The agency acted in clear-cut bad faith by tendering documents to the plaintiff with no information on their face, such as FBI 302's. The BOP made an improper, unilateral decision to withhold the three pages of information which it had relevant to the plaintiff's inquiry.

3.  The FBI improperly applied Exemption 2.  The agency failed to advise the court and the plaintiff as to what records were withheld under this exemption. When denying the plaintiff's request for information, the agency kept the plaintiff in the blind about the nature of the information.  The plaintiff was told simply that the agency had information which was denied under Exemption 2.  The plaintiff was not given enough information to make a determination as to whether or not his rights were denied.

4. The FBI improperly asserted Exemption 6. In order to determine whether there would be a "clearly unwarranted invasion of personal privacy," the court must balance the interests of protecting "an individual's private affairs from unnecessary public scrutiny," and the public's right to governmental information. The plaintiff has not been given enough information to make a determination as to whether anyone would be subjected to a clearly unwarranted invasion of personal privacy, and whether the proper balance has been achieved with respect to the interests of protecting an individual's private affairs from unnecessary public scrutiny as opposed to the public's right to governmental information.

5. While it is true that FBI SAs referenced in the responsive records, such as the FBI 302's, maintain a substantial privacy interest in not having their identities disclosed, the identities have heretofore been disclosed to the plaintiff at the time of the investigation. Thus, the agency has no protected interest in denying the documents on the basis of the SA's identity.

6. The defendants asserted Exemption (b)(6)-4 to justify the withholding of the name and rank of a law enforcement officer of the Morris County, NJ Prosecutor's Office and a law enforcement officer of the New York City Police Department. The defendants assert that there is no public interest to be served by releasing this information as this information does not shed light on the FBI's performance of its mission.

This information does shed light on the FBI's performance of its mission because it describes the extent to which the FBI interacts with state and local law enforcement agencies. The fact that the FBI is willing to disclose the location and office of the officers concerned is indicative of how little privacy is attached to the information.

7. Exemption (b)(6)-5 is asserted in conjunction with Exemption (b)(7)(C)-5 to protect the names and identifying information of third party individuals who are of investigative interest to the FBI and/or other law enforcement agencies. The agency asserts, inter alia, that this information includes individual names and other personal information.

The relevant information in this proceeding concerns people whose identities were disclosed to the public many years ago, and the public policy interest in withholding their identities has eroded over time. The agency would have a difficult time convincing a reasonable person that a person mentioned in a report 18 years ago has a sufficient privacy interest to override the public's interest in disclosure at this time.

8. The FBI does not meet the threshold requirements of Exemption 7. As a condition precedent to invoking any of the harms enumerated in Exemption 7, an agency must first demonstrate that the records or information at issue were compiled for law enforcement purposes. Rather than demonstrating that the

records at issue are related to the enforcement of federal laws and that the
enforcement activity is within the law enforcement duty of the agency, the
agency redacted all of the information upon the documents extended to such an
extent that one cannot deduce whether the documents were compiled by a
government agency.  The court is left to simply take the defendant's word that the
documents related to the enforcement of federal laws and that the enforcement
activity is within the law enforcement duty of the agency.  The agency has not
demonstrated that the disclosure of the documents would invade personal
privacy, reveal the identities of confidential sources, reveal sensitive law
enforcement techniques, and/or reveal information which if released could
reasonably cause harm and/or endanger the life or physical safety of any
individual.

9.  The FBI improperly applied Exemption 7(C).  The FBI has not
performed the proper balancing function required for this exemption.  The FBI is
required to balance the privacy interests of the individuals mentioned in the
records against any public interest in disclosure.  If the proper balancing function
were performed, it would be clear that the public interest in disclosure, in this
case, overrides the privacy interests of the individuals mentioned in the relevant
records.  The Court is left to take the agency's word rather than being given the
benefit of a balancing analysis.

10. The defendants asserted Exemption (b)(7)(C)-1 in conjunction with Exemption (b)(6)-1 in an effort to protect the names and/or identifying information of FBI SA's and support personnel responsible for conducting, assisting with and/or supervising the investigative activities reported in the documents concerning the plaintiff and others. The FBI SA's referenced in the responsive records do not maintain the substantial privacy interest in not having their identities disclosed that they would for a recent investigation. In fact, the SA's concerned have probably retired long ago.

11. The defendants asserted Exemption (b)(7)(C)-2 in conjunction with (b)(6)-2 to protect the names and/or identifying data of individuals who assisted the FBI by providing information within the records responsive to the plaintiff's request. The FBI did not release the names or identities of any third parties who assisted the FBI by providing information. What the FBI released is a stack of FBI 302's which contain no information, all of which are useless to the plaintiff. The release of information as to the third parties involved would shed light on the manner in which the FBI deals with third parties, which is integral to the operations and activities of the FBI.

12. Exemption (b)(7)(C)-4 has been asserted by the defendants in conjunction with Exemption (b)(6)(4) to withhold the names and ranks of law enforcement officers of the New Jersey and New York City Police Departments.

The agency submits that releasing the identity of law enforcement employees could subject them to unnecessary, unwarranted harassment which could constitute an unwarranted invasion of privacy. There is a great public interest to be served by releasing this information because this information sheds light on the FBI's cooperation with other police entities.

13. Exemption (b)(7)(C)-5 has been asserted by the defendants in conjunction with Exemption (b)(6)-5 to protect the names and identifying information of third party individuals who were of investigative interest to the FBI and other law enforcement agencies. The FBI withheld identifying information including addresses and other personal information.

The defendants asserted that in making a determination whether to release the names and personal information concerning these third parties, "the public's interest in disclosure was balanced against the individual's right to privacy." There is no evidence, however, of balancing having taken place.

14. The FBI improperly applied Exemption 7(D). The defendants posit that Exemption 7(D) recognizes that information furnished by third parties cooperating with federal, state, or local law enforcement investigations is, by its very nature, confidential. There is no basis for inferring that all information furnished by third parties cooperating with federal, state, or local law enforcement investigations is, by its very nature, confidential. There is a host of

information furnished by third parties which is not confidential but would be helpful to the plaintiff for his purposes.

15. The defendants assert Exemption (b)(7)(D)-1 in conjunction with (b) (6)-2 and (b)(7)(c)-2 to protect the names, identifying information and information provided by third parties to the FBI under an implied grant of confidentiality during the course of the FBI's investigation of the plaintiff and others. The manner in which the "implied grant of confidentiality" is inferred is vague and has no basis in fact.

16. Exemption (b)(7)(D)-2 has been asserted by the defendants in conjunction with Exemption (b)(2)-1 to protect the informant file numbers of permanent confidential symbol number sources of the FBI. The FBI has merely provided a stack of primarily blank FBI 302's which have numbers but there is no way of ascertaining the significance of the numbers given the information provided.

17. Exemption 7(E) of the FOIA provides protection for all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The blank 302 forms released to the plaintiff give no evidence that any techniques and

procedures used in law enforcement investigations or prosecutions were
involved. Thus, there is no basis for withholding anything that would disclose
any techniques or procedures employed by the FBI.

18. The defendants assert Exemption (b)(7)(E)-l in conjunction with
Exemption (b)(2)-3 to protect procedures and techniques used by FBI Special
Agents during the investigation of the plaintiff. The defendants state, "If the FBI
were to disclose the procedures as to how it conducts undercover operations and
release details of the specific techniques used during the undercover operation it
could jeopardize any future criminal investigatiions and undercover operations
conducted by the FBI." The agency has not released sufficient information to the
plaintiff from which he can make a determination that the exemption has or has
not been violated in this instance.

19. The FBI improperly applied Exemption 7(F). The exemption was
allegedly asserted to protect information, the release of which could reasonably
be expected to endanger the life and/or physical safety of these cooperating
individuals in light of the crimes reportedly committed by the plaintiff and
members of organized crime families. The defendants assume, without credible
evidence, that the plaintiff is a member of an organized crime family, and there is
no basis for making such an assumption. The only evidence that the plaintiff is a
member of an organized crime family is derived from the testimony of murderers

9

and sewer dwellers who never have spent a day in prison.  It would not be a great risk to release the identities of cooperating witnesses because the plaintiff is merely seeking information for his own legal purposes.

20.  The FOIA requires that, if a record contains information that is exempt from disclosure, "any reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  The FBI provided 147 pages of documents, mostly FBI 302's, to the plaintiff.  These documents included a few newspaper articles and contained no information whatsoever that had not been redacted and withheld from the plaintiff.  The substantive information on the forms as well as the identities of the parties to the conferences were susceptible to segregation in such a manner that the plaintiff could have been provided with the information without violating the FOIA as well as agency standards.

21.  The Federal Bureau of Prisons withheld three pages of information from the plaintiff.  There has been no evidence presented as to the nature of the information withheld and the legal basis therefor.

GIVEN under my hand this 22nd day of September, 2008.

Vittorio Amuso

**VITTORIO AMUSO**
**Pro Se**

10

## CERTIFICATE OF SERVICE

I, VITTORIO AMUSO, pro se, do hereby certify that a true copy of the foregoing STATEMENT OF MATERIAL FACTS IN DISPUTE was duly forwarded via first-class U. S. Mail, postage pre-paid, to Charlotte A. Abel, Assistant United States Attorney, United States Attorney's Office, Civil Division, 555 4th Street, N.W., Washington, D. C. 20530, this 29th day of September, 2008.

*Vittorio Amuso*

**VITTORIO AMUSO**