UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VITTORIO AMUSO,
        Plaintiff

-vs-                                      Civil Action No. 07-1935 (RJL)

DEPARTMENT OF JUSTICE, et. al
        Defendants

## AFFIDAVIT OF VITTORIO AMUSO

I, **VITTORIO AMUSO, pro se,** having been duly sworn, do hereby state, certify, and declare, under the penalty of perjury, unto this Honorable Court as follows:

1. By letter dated April 10, 2007 to FBI Headquarters, I submitted a Freedom of Information and Privacy Act request for the following information:

> [A]ny and all documents, records, memoranda, notes, statements and other information or data in whatever form maintained by your agency that relates to and/or makes reference to Amuso directly or indirectly. More specifically, any data or information in the possession or control of your agency related to and/or generated by the criminal investigation and prosecution of Amuso by federal authorities in and around the U. S. Federal Districts of New York.

I specifically requested information dated from January, 1980, to the present.

2. In a letter dated April 16, 2007, to the FBI Albany Field Office, I

submitted an identical request for any and all records pertaining to me.

3. In a letter dated May 3, 2007, from FBI Headquarters to me, the FBI acknowledged receipt of my request and advised me that my case was assigned FOIPA Number 1076768-000. In addition, I was advised that my FOIPA request to the Albany field office was forwarded to FBI Headquarters for handling.

4. In a letter dated May 7, 2007, from FBI Headquarters to me, acknowledgement was made of my Albany FOIPA request and I was assigned FOIPA Number 1076768-000.

5. In a letter dated May 21, 2007, from FBI Headquarters to me, I was advised that records which may be responsive to my Albany FOIPA request were destroyed (date unknown). I was informed that I could file an administrative appeal with the Office of Information and Privacy, United States Department of Justice, Washington, D. C.

6. By letter dated June 20, 2007, from the Office of Information and Privacy to me, I was advised of the receipt of my appeal and its assigned number.

7. In a letter dated July 12, 2007, from me to FBI Headquarters, I inquired about the "status of my two FOIA/PA requests sent to your office for referral to Scranton, PA, and New York City, NY FBI field offices." I contested the referral of my Scranton letter to FBI Headquarters. I provided copies of certified mail receipts dated April 11, 2007, and April 26, 2007, as documentation for the


submitted an identical request for any and all records pertaining to me.

3. In a letter dated May 3, 2007, from FBI Headquarters to me, the FBI acknowledged receipt of my request and advised me that my case was assigned FOIPA Number 1076768-000. In addition, I was advised that my FOIPA request to the Albany field office was forwarded to FBI Headquarters for handling.

4. In a letter dated May 7, 2007, from FBI Headquarters to me, acknowledgement was made of my Albany FOIPA request and I was assigned FOIPA Number 1076768-000.

5. In a letter dated May 21, 2007, from FBI Headquarters to me, I was advised that records which may be responsive to my Albany FOIPA request were destroyed (date unknown). I was informed that I could file an administrative appeal with the Office of Information and Privacy, United States Department of Justice, Washington, D. C.

6. By letter dated June 20, 2007, from the Office of Information and Privacy to me, I was advised of the receipt of my appeal and its assigned number.

7. In a letter dated July 12, 2007, from me to FBI Headquarters, I inquired about the "status of my two FOIA/PA requests sent to your office for referral to Scranton, PA, and New York City, NY FBI field offices." I contested the referral of my Scranton letter to FBI Headquarters. I provided copies of certified mail receipts dated April 11, 2007, and April 26, 2007, as documentation for the

foregoing FOIPA requests.

8. By letter dated August 8, 2007, from OIP to me, the OIP advised me that they are affirming the actions of the FBI that resulted in my appeal for access to records pertaining to me at the Albany Field Office and FBI Headquarters.

9. The Bureau of Prisons FOIA Office indicated that it had received a three-page referral of information from the FBI on May 2, 2008. A determination was subsequently made to withhold the three pages of information in their entirety.

10. On October 25, 2007, I filed a complaint in the U. S. District Court for the District of Columbia, seeking a release of all records responsive to my April 10, 2007 FOIA/Privacy Act request and that the FBI provide a "Vaughn" index regarding the records at issue.

11. I hereby certify that the allegations set forth in the statement of material facts in genuine issue and the plaintiff's response to the defendant's motion for summary judgment, attached hereto and filed herewith, are true and correct to the best of my knowledge and belief.

12. The FBI has performed an inadequate search in response to my direct FOIA requests. Though the affidavits submitted by an agency are accorded a presumption of good faith, the burden rests with the agency to demonstrate the adequacy of its search. The agency posits that a search of the indices at the

Albany Field Office revealed that records which may have been responsive to the plaintiff's FOIPA request were destroyed (date unknown). The plaintiff was never advised as to the nature of the records which were destroyed, and he was simply advised that they were, in fact, destroyed. The only other effort undertaken by the FBI and the BOP to locate the records was through a search of the indices to the CRS for FBIHQ main files. The agency acted in bad faith by failing to divulge the nature of the records and by failing to search other available indices and records which might have contained the destroyed records.

13. The FBI released some records to the plaintiff, withheld other records pursuant to FOIA exemptions, and referred some records to the Bureau of Prisons for direct response to the plaintiff. The agency acted in clear-cut bad faith by tendering documents to the plaintiff with no information on their face, such as FBI 302's. The BOP made an improper, unilateral decision to withhold the three pages of information which it had relevant to my inquiry.

14. The FBI improperly applied Exemption 2. The agency failed to advise the court and me as to what records were withheld under this exemption. When denying my request for information, the agency kept me in the blind about the nature of the information. I was told simply that the agency had information which was denied under Exemption 2. I was not given enough information to make a determination as to whether or not my rights were denied.

4

15. The FBI improperly asserted Exemption 6. In order to determine whether there would be a "clearly unwarranted invasion of personal privacy," the court must balance the interests of protecting "an individual's private affairs from unnecessary public scrutiny," and the public's right to governmental information. I have not been given enough information to make a determination as to whether anyone would be subjected to a clearly unwarranted invasion of personal privacy, and whether the proper balance has been achieved with respect to the interests of protecting an individual's private affairs from unnecessary public scrutiny as opposed to the public's right to governmental information.

16. While it is true that FBI SAs referenced in the responsive records, such as the FBI 302's, maintain a substantial privacy interest in not having their identities disclosed, the identities have heretofore been disclosed to the plaintiff at the time of the investigation. Thus, the agency has no protected interest in denying the documents on the basis of the SA's identity.

17. The defendants asserted Exemption (b)(6)-4 to justify the withholding of the name and rank of a law enforcement officer of the Morris County, NJ Prosecutor's Office and a law enforcement officer of the New York City Police Department. The defendants assert that there is no public interest to be served by releasing this information as this information does not shed light on the FBI's performance of its mission.

This information does shed light on the FBI's performance of its mission because it describes the extent to which the FBI interacts with state and local law enforcement agencies. The fact that the FBI is willing to disclose the location and office of the officers concerned is indicative of how little privacy is attached to the information.

18. Exemption (b)(6)-5 is asserted in conjunction with Exemption (b)(7)(C)-5 to protect the names and identifying information of third party individuals who are of investigative interest to the FBI and/or other law enforcement agencies. The agency asserts, inter alia, that this information includes individual names and other personal information.

The relevant information in this proceeding concerns people whose identities were disclosed to the public many years ago, and the public policy interest in withholding their identities has eroded over time. The agency would have a difficult time convincing a reasonable person that a person mentioned in a report 18 years ago has a sufficient privacy interest to override the public's interest in disclosure at this time.

19. The FBI does not meet the threshold requirements of Exemption 7. As a condition precedent to invoking any of the harms enumerated in Exemption 7, an agency must first demonstrate that the records or information at issue were compiled for law enforcement purposes. Rather than demonstrating that the

records at issue are related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duty of the agency, the agency redacted all of the information upon the documents extended to such an extent that one cannot deduce whether the documents were compiled by a government agency. The court is left to simply take the defendant's word that the documents related to the enforcement of federal laws and that the enforcement activity is within the law enforcement duty of the agency. The agency has not demonstrated that the disclosure of the documents would invade personal privacy, reveal the identities of confidential sources, reveal sensitive law enforcement techniques, and/or reveal information which if released could reasonably cause harm and/or endanger the life or physical safety of any individual.

20. The FBI improperly applied Exemption 7(C). The FBI has not performed the proper balancing function required for this exemption. The FBI is required to balance the privacy interests of the individuals mentioned in the records against any public interest in disclosure. If the proper balancing function were performed, it would be clear that the public interest in disclosure, in this case, overrides the privacy interests of the individuals mentioned in the relevant records. The Court is left to take the agency's word rather than being given the benefit of a balancing analysis.

21. The defendants asserted Exemption (b)(7)(C)-1 in conjunction with Exemption (b)(6)-1 in an effort to protect the names and/or identifying information of FBI SA's and support personnel responsible for conducting, assisting with and/or supervising the investigative activities reported in the documents concerning myself and others. The FBI SA's referenced in the responsive records do not maintain the substantial privacy interest in not having their identities disclosed that they would for a recent investigation. In fact, the SA's concerned have probably retired long ago.

22. The defendants asserted Exemption (b)(7)(C)-2 in conjunction with (b)(6)-2 to protect the names and/or identifying data of individuals who assisted the FBI by providing information within the records responsive to the plaintiff's request. The FBI did not release the names or identities of any third parties who assisted the FBI by providing information. What the FBI released is a stack of FBI 302's which contain no information, all of which are useless to the plaintiff. The release of information as to the third parties involved would shed light on the manner in which the FBI deals with third parties, which is integral to the operations and activities of the FBI.

23. Exemption (b)(7)(C)-4 has been asserted by the defendants in conjunction with Exemption (b)(6)(4) to withhold the names and ranks of law enforcement officers of the New Jersey and New York City Police Departments.

The agency submits that releasing the identify of law enforcement employees could subject them to unnecessary, unwarranted harassment which could constitute an unwarranted invasion of privacy. There is a great public interest to be served by releasing this information because this information sheds light on the FBI's cooperation with other police entities.

24. Exemption (b)(7)(C)-5 has been asserted by the defendants in conjunction with Exemption (b)(6)-5 to protect the names and identifying information of third party individuals who were of investigative interest to the FBI and other law enforcement agencies. The FBI withheld identifying information including addresses and other personal information.

The defendants asserted that in making a determination whether to release the names and personal information concerning these third parties, "the public's interest in disclosure was balanced against the individual's right to privacy." There is no evidence, however, of balancing having taken place.

25. The FBI improperly applied Exemption 7(D). The defendants posit that Exemption 7(D) recognizes that information furnished by third parties cooperating with federal, state, or local law enforcement investigations is, but its very nature, confidential. There is no basis for inferring that all information furnished by third parties cooperating with federal, state, or local law enforcement investigations is, by its very nature, confidential. There is a host of

information furnished by third parties which is not confidential but would be helpful to me for my purposes.

26. The defendants assert Exemption (b)(7)(D)-1 in conjunction with (b)(6)-2 and (b)(7)(C)-2 to protect the names, identifying information and information provided by third parties to the FBI under an implied grant of confidentiality during the course of the FBI's investigation of me and others. The manner in which the "implied grant of confidentiality" is inferred is vague and has no basis in fact.

27. Exemption (b)(7)(D)-2 has been asserted by the defendants in conjunction with Exemption (b)(2)-1 to protect the informant file numbers of permanent confidential symbol number sources of the FBI. The FBI has merely provided a stack of essentially blank 302's which have numbers but there is no way of ascertaining the significance of the numbers given the information provided.

28. Exemption 7(E) of the FOIA provides protection for all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The essentially blank 302 forms released to me give no evidence that any techniques and procedures used in law enforcement investigations or prosecutions were

involved. Thus, there is no basis for withholding anything that would disclose any techniques or procedures employed by the FBI.

29. The defendants assert Exemption (b)(7)(E)-1 in conjunction with Exemption (b)(2)-3 to protect procedures and techniques used by FBI Special Agents during the investigation of the plaintiff. The defendants state, "If the FBI were to disclose the procedures as to how it conducts undercover operations and release details of the specific techniques used during the undercover operation it could jeopardize any future criminal investigations and undercover operations conducted by the FBI." The agency has not released sufficient information to the plaintiff from which he can make a determination that the exemption has or has not been violated in this instance.

30. The FBI improperly applied Exemption 7(F). The exemption was asserted to protect information, the release of which could reasonably be expected to endanger the life and/or physical safety of these cooperating individuals in light of the crimes reportedly committed by the plaintiff and members of organized crime families. The defendants assume, without credible evidence, that the plaintiff is a member of an organized crime family, and there is no basis for making such an assumption. The only evidence that the plaintiff is a member of an organized crime family is derived from the testimony of murderers and sewer dwellers who have never spent a day in prison. It would not be a great risk to release the identities of cooperating witnesses because the plaintiff is

merely seeking information for his own legal purposes.

31. The FOIA requires that, if a record contains information that is exempt from disclosure, "any reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." The FBI provided 147 pages of documents, mostly FBI 302's, to the plaintiff. These documents included a few newspaper articles and contained no information whatsoever that had not been redacted and withheld from the plaintiff. The substantive information on the forms as well as the identities of the parties to the conferences were susceptible to segregation in such a manner that the plaintiff could have been provided with the information without violating the FOIA as well as agency standards.

32. The Federal Bureau of Prisons withheld three pages of information from the plaintiff. There has been no evidence presented as to the nature of the information withheld and the legal basis therefor.

**I, VITTORIO AMUSO, do hereby state, certify, and declare, under the penalty of perjury, that the foregoing representations of fact are true and correct to the best of my knowledge and belief.**

GIVEN under my hand this 22 day of September, 2008.

VITTORIO AMUSO

*/s/ Vittorio Amuso*

COMMONWEALTH OF KENTUCKY,
COUNTY OF MARTIN, to-wit:

I, _____, a notary public in and for the state and locality aforesaid, do hereby certify that the foregoing **AFFIDAVIT OF VITTORIO AMUSO** was duly subscribed and sworn to personally before me in my state and locality aforesaid by **VITTORIO AMUSO** this \_\_\_\_ day of September, 2008.

My commission expires:

_____
Notary Public

[Stamp: ...THORIZED BY THE ACT OF JULY 7, 1955, AS AMENDED, TO ADMINISTER OATHS 8 U.S.C. 4004]

## CERTIFICATE OF SERVICE

I, VITTORIO AMUSO, pro se, do hereby certify that a true copy of the foregoing AFFIDAVIT OF VITTORIO AMUSO was duly forwarded via first-class U. S. Mail, postage pre-paid, to Charlotte A. Abel, Assistant United States Attorney, United States Attorney's Office, Civil Division, 555 4th Street, N.W., Washington, D. C. 20530, this 25th day of September, 2008.

**VITTORIO AMUSO**